UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPENCER NEAMAN, et al., | Case No. 2:14-CV-1307 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA EX REL UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al. | |
| Defendant(s). | |

Presently before the court is defendant United States of America's (hereinafter "United States") motion to dismiss. (Doc. # 12). Plaintiffs Spencer and Jacqueline Neaman (hereinafter "plaintiffs") filed a response. (Doc. # 19). The United States did not file a reply, and the deadline to reply has now passed.

**I.   Background**

This is a personal injury medical malpractice case. Plaintiffs are suing in their individual capacities and as representatives of their now 11-year-old daughter, Fawn Neaman ("Fawn"). (Doc. # 26).

On March 4, 2013, plaintiffs took Fawn to the Wendover Community Health Center ("WCHC") for evaluation and treatment of acute abdominal pain. WCHC is owned by Nevada Health Centers, Inc. ("NHC"), a federally-subsidized network of health clinics in Nevada. (Doc. # 26).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

. . .

Fawn was treated by a physician's assistant named Emilse Peraza ("Peraza"). Plaintiffs allege that there are no medical doctors practicing at WCHC despite Nevada law's requirement that a physician's assistant must be supervised by a board certified physician. (Doc. # 26).

Peraza diagnosed Fawn with gastroenteritis and an upper respiratory infection. She was treated with a prescription for Bactrim DS. After returning home, Fawn's symptoms persisted. Plaintiffs called the clinic and were told that the clinic could not accommodate them at that time. Plaintiffs set an appointment for a few days later.

Plaintiffs eventually decided to take Fawn to Primary Children's Medical Center ("PCMC") in Salt Lake City, Utah, on March 10, 2013. Upon arrival at PCMC, physicians noted that Fawn had a variety of serious medical problems. She was diagnosed with a ruptured appendix. She had contracted bacteremia and peritonitis. (Doc. # 26).

Fawn's bacteremia and peritonitis were so advanced by the time she reached PCMC that her care providers could not prevent the onset of meningitis and other serious infectious diseases. Fawn's nervous system was severely damaged, and she was permanently rendered quadriplegic. (Doc. # 26).

On February 28, 2014, plaintiffs filed a complaint in Nevada state court alleging negligence and medical malpractice against Peraza; Nevada Health Centers, Inc. dba Wendover Community Health Center; and several Doe defendants. (Doc. # 1-1). Peraza and NHC then removed the action to federal court under the Federal Tort Claims Act ("FTCA"). (Doc. # 1).

On September 17, 2014, plaintiffs filed an amended complaint against the United States of America, ex rel United States Department of Health and Human Services; and various Doe defendants. (Doc. # 6).

On November 19, 2014, the United States filed a motion to dismiss for lack of jurisdiction. (Doc. # 12). On January 21, 2015, plaintiffs filed a second amended complaint removing all Doe defendants. (Doc. # 26).

**II.    Legal Standard**

James C. Mahan
U.S. District Judge

- 2 -

A court may dismiss a plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.* When presented as a factual challenge, a rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

### III.     Discussion

In its motion, the United States moves to dismiss plaintiffs' claims against the Department of Health and Human Services ("DHHS") and all Doe defendants. The United States claims that it is the only proper party to an action under the Federal Tort Claims Act. Accordingly, it argues that plaintiffs improperly reference DHHS as a defendant throughout their complaint, and that all Doe defendants should be removed as parties. (Doc. # 12).

Plaintiffs' second amended complaint removed the Doe defendants, and does not list DHHS as a defendant. The caption lists only "United States of America ex rel United States Department of Health and Human Services." Plaintiffs further indicate in their complaint that "the United States is substituted as the sole FTCA defendant in this action . . . ." All references to DHHS as a defendant have been removed. (Doc. # 26).

For this reason, the court will deny the instant motion to dismiss as moot. Notably, the United States additionally argues that plaintiffs' claims for respondeat superior should be dismissed. The United States contends that respondeat superior is not an independent cause of action in Nevada and thus is an improper basis for plaintiffs' FTCA claims. (Doc. # 12).

Plaintiffs respond that their amended complaint does not contain an independent claim for respondeat superior. As a result, plaintiffs argue that dismissal is not appropriate as to any of their causes of action. (Doc. # 19).

James C. Mahan
U.S. District Judge

- 3 -

Plaintiffs' second amended complaint references the doctrine of respondeat superior only in the context of plaintiffs' negligence claims. (Doc. # 26). While respondeat superior is not a separate cause of action, plaintiffs do not attempt to state any such claim. Further, foreclosure of any particular theory of liability is inappropriate at this time. Therefore, the motion to dismiss is appropriately denied as moot on the grounds stated above.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 12), be, and the same hereby is, DENIED as moot.

DATED February 4, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -